UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PERCY ELZEY                          CIVIL ACTION

VERSUS                               NO. 07-5394

JEFFERY E. TRAVIS, WARDEN            SECTION "R"


### ORDER AND REASONS

Before the Court is defendant's motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion for summary judgment and DISMISSES WITHOUT PREJUDICE petitioner's claim for federal habeas corpus relief for failure to exhaust state court remedies.


### I.   FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Percy Elzey, is incarcerated in the Rayburn Correctional Center in Angie, Louisiana.  On February 21, 1996, petitioner was convicted of manslaughter and sentenced to serve twenty-one years at hard labor. (*See* Def.'s Ex. 5, St. Ct. Rec.) Petitioner is not receiving any diminution in his sentence for "good time" because he also has a conviction for sexual battery from 1981. *See* La. R.S. § 15:571.3(D) ("Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offence is a second offense crime of violence as defined by R.S. 14:2(B)."). The Louisiana Legislature amended La. R.S. § 15:571.3 between

petitioner's two convictions to prohibit "good time" diminution of sentences for prisoners convicted of a second crime of violence.  On January 26, 2005, Elzey submitted to prison officials a request for administrative relief, alleging that their consideration of his earlier conviction of sexual battery as a crime of violence for purposes of La. R.S. § 15:571.3 violated the ex post facto provisions of the constitution.  On March 21, 2005, the Department of Public Safety and Corrections denied petitioner's request to be eligible to earn good time and explained:

> You were convicted of a crime of violence, Sexual Battery, in 1980.  That conviction was your first crime of violence.  On August 27, 1994, you were "Placed on notice" of a new law stating that when a second crime of violence is committed by an individual the individual would not be eligible to earn good time on the sentence issued by the court.

(R. Doc. 8-7 at 9.)  Dissatisfied with that response, petitioner filed an administrative appeal.  On April 12, 2005, the Department denied Elzey's request for relief.  The Department concurred in the prior ruling and further stated: "Department Regulation B-04-001 states that diminution of sentence shall not be allowed an inmate in the custody of the department if the instant offense is a second offense crime of violence as defined in La. R.S. 142 (13) committed on or after August 27, 1994." (R. Doc. 8-7 at 1.)

Petitioner then filed in the Louisiana Nineteenth Judicial District Court a petition for judicial review challenging the denial of his administrative grievance.  On June 29, 2005, the district court dismissed the complaint for failure to state a cause of action or cognizable claim for which relief could be granted. (*See* Def.'s Ex. 4, St. Ct. Rec.)  There is no evidence in the state court record that petitioner sought review of the judgment in the state appellate courts.

On March 6, 2006, Elzey filed a second request for administrative relief.  On March 9, 2006, the Louisiana Department of Public Safety and Corrections rejected petitioner's request as repetitive of his first request for relief, which had gone through a two-step review. (R. Doc. 1-2 at 3.)  Petitioner again filed a petition for judicial review in the Nineteenth Judicial District Court.  On June 14, 2007, the district court dismissed Elzey's petition with prejudice. (*See* Def.'s Ex. 5, St. Ct. Rec.)  Petitioner then sought supervisory writs with the Louisiana First Circuit Court of Appeal.  The appellate court denied the writ on August 6, 2007. (*See* R. Doc. 1-2 at 16.)  The court denied the writ as procedurally improper.  The trial court's judgment was a final, appealable judgment that could not be reviewed by supervisory writs.  The appellate court instructed petitioner that he could filed a direct appeal. (*Id*.)  Petitioner did not file a direct appeal.

Instead, on August 30, 2007, Elzey filed with this Court an application for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. (R. Doc. 1.)  Petitioner alleges that he is being held in violation of the Constitution because he is eligible for a sentence diminution for "good time."  In response, the State filed the current motion for summary judgment, contending that the petitioner has failed to exhaust his state court remedies.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

4

## III. DISCUSSION

The Court finds that Elzey has failed to exhaust state court remedies.  Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), the Fifth Circuit has held that federal courts should abstain from the exercise of habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973).  The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Within the context of a Section 2241 action, this exhaustion requirement is obviated only

if "special circumstances" exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 176-77 (5th Cir. 1975).

In this case, petitioner presented his claims through administrative proceedings and in the petitions he filed in the state district court.  However, that is insufficient to constitute exhaustion.  The record in this case reflects that Elzey did not pursue state court appellate relief at any level on his claim that he is being held in violation of the Constitution.[1]  Further, Elzey has not opposed the State's motion for summary judgment, or come forward with any evidence that he has sought relief in Louisiana's highest court.  Because petitioner did not present his claims to the Louisiana Supreme Court, he did not thereby give that court a "fair opportunity" to pass upon those claims.  Accordingly, the claims are unexhausted and petitioner is not entitled to proceed to federal court pursuant to § 2241.

**IV.  CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.  Elzey's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT

---

[1] Although petitioner did file supervisory writs to the Louisiana First Circuit Court of Appeal, the writs were denied and the Court instructed petitioner to file a direct appeal.

6

PREJUDICE for failure to exhaust state court remedies.


New Orleans, Louisiana, this 19th day of March, 2008.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE